UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVDEEP SANDHU,<br><br>           Plaintiff,<br><br>      v.<br><br>ANDREW LACEWELL,<br><br>           Defendant, | No. 2:25-cv-01842-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Defendant Andrew Lacewell's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1–2.) For the reasons set forth below, the Court hereby DENIES Defendant's Motion to Proceed in Forma Pauperis as moot and REMANDS the action to the Superior Court of California, County of Solano due to lack of subject matter jurisdiction.

///

///

///

///

///

///

///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 13, 2025, Plaintiff Navdeep Sandhu ("Plaintiff") brought an action for unlawful detainer against Defendant for possession of real property located at 264 Bridgewater Circle, Suisun City, California, 94585 (the "Property"). (ECF No. 1 at 8.) On July 1, 2025, Defendant filed a Notice of Removal ("Notice") removing this unlawful detainer action from the Solano County Superior Court. (*See id.*)

### II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil actions over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Only "state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331. The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. Federal question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49, 60–62 (2009), *superseded by statute on other grounds, as stated in Vermont v. MPHJ Tech. Investments, LLC*, 803 F.3d 635, 643 (Fed. Cir. 2015); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

Alternatively, 28 U.S.C. § 1332 governs diversity jurisdiction. *See* 28 U.S.C. § 1332. Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States." *Id.* Courts are "to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *see also Bank of New York Mellon v. Flores*, No. 2:12-CV-00435 KJM, 2012 WL 1981329, at *6 (E.D. Cal. June 1, 2012) ("in the context of cases removed to federal court on the basis of diversity jurisdiction, the amount of the removing defendant's potential recovery on his or her counterclaims is not considered in calculating the amount in controversy where the plaintiff's claimed damages, by themselves, are below the jurisdictional minimum."). A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

### III.    ANALYSIS

Defendant removed this action on the basis of federal question and diversity jurisdiction. (ECF No. 1 at 2; ECF No. 1-1.) The Court will address both grounds for federal jurisdiction in turn.

As to federal question jurisdiction, Defendant asserts that his unlimited counterclaim includes federal constitutional and statutory issues, as well as other claims. (ECF No. 1 at 2.) However, based on the well-pleaded complaint rule articulated above, removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *Caterpillar Inc.*, 482 U.S. at 392; *see also Vaden*, 556 U.S. at 49; *Hunter*, 582 F.3d at 1042–43. Thus, while Defendant seems to contend in the Notice that his counterclaim includes federal constitutional and statutory issues, this assertion related to his counterclaim cannot be considered in evaluating whether a federal question appears on the face of Plaintiff's Complaint. *See Vaden*, 556 U.S. at 60-62. The instant Complaint contains only a single claim for unlawful detainer. (*Id.* at 8–11.) The Complaint therefore relies solely on California state law and does not state any claims under federal law that could establish federal question jurisdiction.

///

1    As to diversity jurisdiction, Defendant asserts "Defendant is domiciled in California" and
2 "Plaintiff is domiciled in another state at the time of filing." (ECF No. 1 at 3.) However, Plaintiff
3 also states in the Notice that "Respondent is likewise domiciled in California but litigates as a
4 California resident." (*Id.* at 2.) The Complaint and Defendant's counterclaim list only California
5 addresses — there is no mention of any other state. (*See generally id.*) But even assuming there
6 is complete diversity of citizenship, the amount in controversy here does not exceed $75,000
7 because Plaintiff's demand in the Complaint is $10,000. (*Id.* at 11.) Defendant does not allege
8 this amount is incorrect, but instead asserts the amount in controversy threshold is met based on
9 the damages he seeks in his counterclaim. (*Id.* at 2, 4.) Defendant's counterclaim damages
10 cannot be considered as the basis for diversity jurisdiction. *Horton*, 367 U.S. at 353.

11   In sum, because the Complaint indicates the only cause of action is one for unlawful
12 detainer, which arises solely under state law, this action does not arise under federal law. Further,
13 Defendant's alternate argument as to diversity jurisdiction is unsuccessful because Defendant
14 fails to demonstrate Plaintiff is a citizen of a different state and the amount in controversy does
15 not meet the statutory requirement. There being no apparent grounds for federal jurisdiction, it is
16 appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction. *See*
17 *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he
18 district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua*
19 *sponte,* whether the parties raised the issue or not.").

20   **IV.   CONCLUSION**

21   For the foregoing reasons, Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2)
22 is DENIED as moot, and the Court hereby REMANDS this action to the Superior Court of
23 California, County of Solano.

24   IT IS SO ORDERED.

25 Date: July 2, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE